IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOFTRAX CORPORATION, | |
| Plaintiff, | CASE NO. _____ |
| v. | NOTICE OF REMOVAL |
| PATRICK RASICOT, | (Diversity) |
| Defendant. | |

RECEIPT # _____
AMOUNT $250
SUMMONS ISSUED N/A
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. TOM
DATE 8/30/05

MAGISTRATE JUDGE Alexan

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441 *et seq.*, Defendant Patrick Rasicot hereby removes this civil action from the Massachusetts Superior Court, Norfolk County, Session B, Case No. 05-01342, to the United States District Court for the District of Massachusetts. This Court has removal jurisdiction because this is a civil action "of which the district courts of the United States have original jurisdiction" and an action in which "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(a) - (b); *see* 28 U.S.C. § 1332.

Removal of this action is proper for the following reasons:

1. On August 1, 2005, plaintiff Softrax Corporation ("Softrax") filed this action against defendant Patrick Rasicot ("Rasicot") in Massachusetts Superior Court, Norfolk County, Case No. 05-01342 (the "State Action"). A true and correct copy of the Summons and Complaint in the State Action is attached hereto as Exhibit 1.[1]

---

[1] All references to exhibits cited herein, including all process, pleadings and orders served upon defendant, are included in the Appendix of Exhibits Cited in Notice of Removal, submitted herewith.

1

2. In the State Action complaint, Softrax identifies itself as "a corporation organized under the laws of Delaware, with its principal place of business in Canton, Norfolk County, Massachusetts." Ex. 1, ¶ 2.

3. Rasicot is a resident of the state of Rhode Island. *See* Ex. 1, ¶ 4.

4. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, as explained in the following paragraphs 8-10.

5. In the State Action complaint, Softrax alleges that Rasicot has breached a Noncompetition, Nondisclosure and Inventions Agreement (the "Agreement") dated March 13, 2000. (A copy of the Agreement is attached to Softrax's complaint. *See* Ex. 1.) In its prayer for relief in the State Action complaint, Softrax seeks a preliminary and permanent injunction,

> restraining and enjoining Rasicot from (i) engaging in "Prohibited Business" as defined in Section 2(c) of the Agreement for the "Noncompete Period" defined in the Agreement and (ii) otherwise breaching the agreement.

Ex. 1 at 7.

6. Section 2(c) of the Agreement defines the "Noncompete Period" as "the period commencing on the date of this Agreement and ending two (2) years following the date on which the Employee last performs services for or on behalf of the Company (the 'Severance Date')."

7. Softrax alleges in the State Action complaint that Rasicot resigned from Softrax in June, 2005. *See* Ex. 1, ¶ 8.

8. While Softrax omits any claimed damages from its State Action complaint, the value of the object of the litigation – restraining Rasicot from performing

his new job with NetSuite (*see* Ex. 1, ¶ 16) – is clearly ascertainable by reference to the terms of Rasicot's employment arrangement with NetSuite.

9. A true and correct copy of NetSuite's May 30, 2005 offer letter to Rasicot for the position of "Subject Matter Expert – PreSales" is attached hereto as Exhibit 34. NetSuite's offer letter, which was accepted by Rasicot's counter-signature on June 6, 2005, explicitly sets forth Rasicot's compensation:

> You will be reporting to Melissa Saunders and will receive an annulized [*sic*] salary of $110,000 with an estimated on target earnings of $150,000. . . . You will be granted the option to acquire 15,000 shares of NetSuite common stock, subject to approval by the Board of Directors. Your options will vest, consistent with NetSuite's Stock Plan, 25% one year from grant date and 1/48th monthly thereafter for a total of 4 years vesting.
> Upon your start day, you will be eligible to participate in NetSuite's employee benefit plans including medical, dental, vision, life and disability insurance. You will be eligible to participate in NetSuite's 401(k) plan 90 days after your start date with the company matching 34% of your contribution up to $3,570 per year. . . .

Ex. 2, at 1.

10. Given that Rasicot's compensation, as detailed above, well exceeds $75,000 in a single year, Softrax's requested two-year injunction has a value that exceeds the jurisdictional amount requirements of 28 U.S.C. § 1332.

11. Accordingly, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court by defendant pursuant to the provisions of 28 U.S.C. §§ 1441 and 1446.

12. After serving the State Action complaint, Softrax sought and received a preliminary injunction. On or about August 12, 2005 the Superior Court (Brady, J.), entered a Memorandum and Order, attached hereto as Exhibit 22, allowing Softrax's

Motion for Preliminary Injunction and ordering defendant to refrain from working for NetSuite. On or about August 19, 2005, that order was upheld by a single justice of the Massachusetts Appeals Court. *See* Ex. 29.

13. This Notice of Removal is timely in that it is brought within thirty (30) days of notice of plaintiff's State Action complaint upon Rasicot.

14. A Notice of Filing of this Notice of Removal will be filed promptly with the Massachusetts Superior Court, Norfolk County, and will be served on plaintiff.

15. Rasicot reserves all defenses available to him at law, in equity, or otherwise. Rasicot does not waive any defenses available to him by the filing of the instant Notice.

16. Attached to the Appendix of Exhibits Cited In Notice of Removal, filed herewith, are Exhibits 1-34, which are true and correct copies of all additional pleadings and orders from the State Action.

WHEREFORE, defendant Patrick Rasicot notices the removal of this case to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1332 and 1441, *et seq.*

Respectfully submitted,
PATRICK RASICOT

By his attorneys
BIRNBAUM & GODKIN, LLP

Dated: August 30, 2005

Scott A. Birnbaum (BBO# 543834)
Robert N. Feldman (BBO# 630734)
Melissa M. Longo (BBO# 647649)
Birnbaum & Godkin, LLP
280 Summer Street, 5th Floor
Boston, MA 02210
Tel: 617-307-6100
Fax: 617-307-6101

### CERTIFICATE OF SERVICE

I, Melissa M. Longo, counsel for the defendant, do hereby certify that on this 30th day of August 2005, I caused to be served a true copy of the foregoing upon all parties by fax and by mailing same, first class mail, postage pre-paid, to all counsel of record:

T. Christopher Donnelly
Paula M. McManus
COUNSEL FOR PLAINTIFF
Donnelly, Conroy & Gelhaar, LLP
One Beacon Street, 33rd floor
Boston, MA 02108
Tel: 617-720-2880

Melissa M. Longo

5

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CLERK'S NOTICE

This document can not be scanned due to its size, or the way in which it was bound.

The original is available for viewing in the Clerk's Office.

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
SOFTRAX CORPORATION

**(b)** County of Residence of First Listed Plaintiff: NORFOLK
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number) 617-720-2880
T. Christopher Donnelly, Donnelly, Conroy & Gelhaar, One Beacon Street, Boston, AM 02108

**DEFENDANTS**
PATRICK RASICOT

County of Residence of First Listed Defendant: 
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known) Scott A. Birnbaum  617-307-6120
Birnbaum & Godkin, LLP, 280 Summer Street
Boston, MA 02210

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | | | ☐ 950 Constitutionality of State Statutes |
| | / ☐ 550 Civil Rights | | | |
| | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition | | | |
| | ☐ 440 Other Civil Rights | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C. §1441; 28 U.S.C. §1332
Brief description of cause: action for enforcement of non-competition agreement.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ Preliminary Injunction
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No (in Answer)

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE                                              DOCKET NUMBER

DATE 8-30-05
SIGNATURE OF ATTORNEY OF RECORD
Melissa M. Leo

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)

    SOFTRAX CORPORATION v. RASICOT

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

    ___  I.    160, 410, 470, 535, R.23, REGARDLESS OF NATURE OF SUIT.

    ___  II.   195, 196, 368, 400, 440, 441-446, 540, 550, 555, 625, 710, 720, 730,  *Also complete AO 120 or AO 121
                740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

    _X_  III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                380, 385, 450, 891.

    ___  IV.   220, 422, 423, 430, 460, 480, 490, 510, 530, 610, 620, 630, 640, 650, 660,
                690, 810, 861-865, 870, 871, 875, 900.

    ___  V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?

    YES ☐    NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)

    YES ☐    NO ☒

    If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

    YES ☐    NO ☒

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

    YES ☐    NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).

    YES ☒    NO ☐

    A. If yes, in which division do all of the non-governmental parties reside?

       Eastern Division ☒    Central Division ☐    Western Division ☐

    B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?

       Eastern Division ☐    Central Division ☐    Western Division ☐

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)

    YES ☐    NO ☒

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME: SCOTT A. BIRNBAUM

                 Birnbaum & Godkin, LLP

ADDRESS          280 Summer Street, Boston, MA 02210

TELEPHONE NO.    617-307-6120

(CategoryForm.wpd -5/2/05)