IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOFTRAX CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>PATRICK RASICOT,<br><br>    Defendant. | Civil Action No. 05-11789-JLT |

**MEMORANDUM OF LAW IN
SUPPORT OF MOTION FOR A PROTECTIVE ORDER
AND TO VACATE SUPERIOR COURT SCHEDULING ORDER**

Defendant Patrick Rasicot ("Rasicot") submits this Memorandum of Law in Support of his Motion for a Protective Order and to Vacate Superior Court Scheduling Order. Because defendant has filed a dispositive motion for summary judgment for which discovery is unnecessary and because the parties have yet to agree to, and the Court has yet to enter, a scheduling order governing discovery pursuant to Fed. R. Civ. P. 16, this Court should hold in abeyance all discovery in this action until either a summary judgment decision issues or a scheduling order is entered by this Court.

**BACKGROUND**

This is an action to enforce a post-employment noncompetition agreement, which was removed to this Court on August 30, 2005. Prior to removal, the Massachusetts Superior Court ("State Action") entered a scheduling order that all discovery in the State Action shall be completed by October 28, 2005, and that a trial be held on November 7, 2005. Prior to removal, both parties served written discovery requests, and plaintiff Softrax Corporation ("Softrax") served deposition notices for defendant Patrick Rasicot

1

and the company for whom he would like to work, NetSuite, Inc. ("NetSuite").[1]  The Court has not yet scheduled a Rule 16 Scheduling Conference, and the parties have not yet conferred to develop a discovery plan as required by Rule 26(f).

On September 12, 2005, Rasicot filed and served a motion for summary judgment, which, if granted, will substantially dispose of this case.  The summary judgment motion raises a single issue:  that there is no material fact in dispute that by the noncompetition agreement's clear terms, NetSuite is not a company for whom Rasicot is prohibited from working.  Softrax has filed a motion (assented to by Rasicot) to extend the time to oppose the summary judgment motion to October 3, 2005.

## ARGUMENT

Rasicot seeks the entry of an order holding in abeyance all discovery and vacating the Superior Court scheduling order for the reasons set forth below.  First, holding all discovery in abeyance until there is a decision on Rasicot's summary judgment motion, which presents a purely legal question of interpretation of unambiguous contract language, will promote judicial efficiency and allow the parties to conserve their resources.  Plaintiff would be in no way prejudiced by such a ruling.

Second, Softrax's discovery requests are premature because the Court has not held a Rule 16 Scheduling Conference, and the parties have not yet conferred to develop a discovery plan as required by Fed. R. Civ. P. 26(f).  Indeed, Rule 26(d) is clear that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."  Fed. R. Civ. P. 26(d).

---

[1] Following removal, Softrax served its automatic disclosures and a new notice for the deposition of NetSuite.

Further, it is irrelevant that Softrax initiated discovery prior to removal. It is well settled that

> [a]fter the removal of an action from state court, the federal district court acquires full and exclusive subject matter jurisdiction over the litigation. *The case will proceed as if it had been brought in the federal court originally.* Thus, it has been settled by numerous cases that *the removed case will be governed according to the Federal Rules of Civil Procedure* and all other provisions of federal law relating to procedural matters.

14C Charles Alan Wright, Arthur D. Miller & Edward H. Cooper, Federal Practice & Procedure § 3738 (3d ed. 1981) (emphasis added). Accordingly, Plaintiff is now required to comply with the federal rules governing discovery, including Rule 26.

Finally, the scheduling order entered by the Superior Court, setting a discovery cut-off of October 28, and a trial date of November 7, 2005, is no longer viable, given removal and the summary judgment motion. This Court has ample power to vacate or modify that order. See id. ("any orders or rulings issued by the state court prior to removal . . . remain binding on the parties until formally set aside by the federal court"). Accordingly, this Court should vacate the scheduling order, pending a new scheduling order entered at a Rule 16 Scheduling Conference.

## **CONCLUSION**

For the reasons set forth herein, Rasicot respectfully requests that this Court enter a protective order and vacate the scheduling order previously set forth by the Superior Court.

Dated: September 15, 2005

      Respectfully submitted,

      PATRICK RASICOT

      By his attorneys
      BIRNBAUM & GODKIN, LLP


      /s/ Melissa M. Longo_____
      Scott A. Birnbaum (BBO# 543834)
      Robert N. Feldman (BBO# 630734)
      Melissa M. Longo (BBO # 647649)
      Birnbaum & Godkin, LLP
      280 Summer Street
      Boston, MA  02210
      Tel: 617-307-6100
      Fax: 617-307-6101