UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SOFTRAX CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | CASE 1:05-cv-11789-JLT |
| | ) | |
| v. | ) | |
| | ) | |
| PATRICK RASICOT, | ) | |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO "STATEMENT OF UNDISPUTED
MATERIAL FACTS IN SUPPORT OF DEFENDANT
PATRICK RASICOT'S MOTION FOR SUMMARY JUDGMENT"**

Pursuant to Local Rule 56.1, plaintiff Softrax Corporation ("Softrax") responds to the "Statement of Undisputed Material Facts in Support of Defendant Patrick Rasicot's Motion for Summary Judgment," by corresponding numbered paragraphs, as follows:

1. Undisputed.

2. Softrax does not dispute that Rasicot was employed by Softrax from September 1996 until he resigned effective June 17, 2005. Softrax does not know whether Rasicot is a resident of Rhode Island, and Rasicot has refused to appear for deposition at which Softrax could question him concerning his residency. Accordingly, at this point Softrax disputes Rasicot's residency.

3. Softrax does not dispute that from 1996 though June 2005, the majority of its customers were software companies. The term "overwhelming majority" is not objective and, therefore, is disputed by Softrax. *See Affidavit of Robert D. O'Connor, Jr.*, signed July 29, 2005 ("*O'Connor Aff.*"), ¶ 4. A copy of the O'Connor Affidavit was filed herein on September 19, 2005 (part of Docket No. 9), as part of the State Court Record.

4. Softrax does not dispute that on March 13, 2000, Rasicot signed the Noncompetition, Nondisclosure and Inventions Agreement attached as Exhibit 1 to the Longo Affidavit .

5. Softrax does not dispute that it drafted the Agreement. Based on the knowledge presently available to it, Softrax does not know whether Rasicot had an opportunity to change or negotiate the language of the Agreement. Rasicot has refused to appear for deposition at which Softrax could question him concerning that topic. Accordingly, at this point, Softrax disputes the assertion that he was not permitted to change or negotiate the language of the Agreement.

6. Softrax refers the Court to the Agreement for its provisions. Softrax contests Rasicot's statement insofar as it states that the Agreement "purports" to prohibit certain activity. The Agreement, in fact, does expressly prohibit certain activities. Softrax objects to paragraph 6 insofar as it adds bold face and underlining which were not in the Agreement when it was signed.

7. Softrax does not dispute the fact that in March 2000, the majority of its customers were in the software business, but it does not know the range of approximation intended by the words "approximately 95 percent" nor the basis for Rasicot's statement. Rasicot has refused to appear for deposition or produce any documents to clarify this statement. Accordingly, at this point Softrax disputes Rasicot's statement.

8. Undisputed.

9. Softrax does not dispute that Rasicot informed Softrax on June 3, 2005 of his intention to resign his employment from Softrax effective June 17, 2005. Rasicot has refused to appear for his deposition or produce any documents, and NetSuite has refused to produce any documents or appear for deposition. Accordingly, Softrax does not know when Rasicot began to work for NetSuite and, therefore, disputes this matter. *See* Plaintiff's Motion for Discovery Pursuant to Rule 56(f).

10. NetSuite has refused to produce any documents or appear for deposition. Accordingly, Softrax is unable to ascertain the truth of the contents of paragraph 10 and, therefore, disputes this matter. *See* Plaintiff's Motion for Discovery Pursuant to Rule 56(f).

11. NetSuite has refused to produce any documents or appear for deposition. Accordingly, Softrax is unable to ascertain the truth of the contents of paragraph 11 and, therefore, disputes this matter. *See* Plaintiff's Motion for Discovery Pursuant to Rule 56(f).

12. NetSuite has refused to produce any documents or appear for deposition. Accordingly, Softrax is unable to ascertain the truth of the contents of paragraph 12 and, therefore, disputes this matter. *See* Plaintiff's Motion for Discovery Pursuant to Rule 56(f).

13. NetSuite has refused to produce any documents or appear for deposition. Accordingly, Softrax is unable to ascertain the truth of the contents of paragraph 13 and, therefore, disputes this matter. *See* Plaintiff's Motion for Discovery Pursuant to Rule 56(f). In addition, NetSuite has had various versions of its web page. The current version includes an express reference to Softrax as a competitor. *See Affidavit of Jake Fennesey*, sworn to September 30, 2005, ¶ 3 and Exhibit A. Furthermore, in its current version of the its website, NetSuite devotes numerous webpages to the Software industry, while in contrast, seven of the remaining eight industries are addressed only by one page. *See Affidavit of Jake Fennesey*, sworn to September 30, 2005, ¶ 2.

14. NetSuite has refused to produce any documents or appear for deposition. Accordingly, Softrax is unable to ascertain the truth of the contents of paragraph 14 and, therefore, disputes this matter. *See* Plaintiff's Motion for Discovery Pursuant to Rule 56(f).

15. Softrax disputes the assertion that "NetSuite's products are not designed for use by software companies." NetSuite's website and other marketing materials indicate that NetSuite

products are in fact designed for use by software companies. For example, NetSuite has publicly proclaimed in its various marketing materials:

> "Many features in NetSuite are tailor-made for the software industry."
>
> "Hundreds of software companies run their business on NetSuite-- and we do too."
>
> "Here's why NetSuite is the best application for software companies."
>
> "NetSuite Features and Benefits for Software Companies."
>
> "One Application to Manage Your Software Business…. NetSuite is the one intelligent, integrated, customizable application to unify your business processes, increase visibility for better decision making, and extend processes to your customers and channel partners."
>
> "To learn more about what NetSuite can do for your software company contact us now."

*Affidavit of Gottfried Sehringer,* dated July 29, 2005, ¶ 12 and Ex. B; *Reply Affidavit of Robert D. O'Connor,* dated August 11, 2005, ¶¶ 15-18 and Exs. B and F. Copies of these affidavits were filed herein on September 19, 2005 and appear as part of Docket No. 9. In addition, because NetSuite has refused to produce any documents or appear for deposition, Softrax has been unable to ascertain the truth of the other allegations of paragraph 15 and, therefore, disputes them.

Softrax contends that there are numerous additional facts, not included in Rasicot's Statement, which are relevant to defendant's motion for summary judgment. Those additional facts are included, with affidavit support, in Plaintiff's Statement of Additional Material Facts in Opposition to Defendant's Motion for Summary Judgment, separately filed today.

Softrax reserves the right to supplement its above responses after it conducts discovery, including without limitation document and deposition discovery of Rasicot and NetSuite.

SOFTRAX CORPORATION

By its attorneys,

/s/ T. Christopher Donnelly
T. Christopher Donnelly (BBO #129930)
Paula M. McManus (BBO #648029)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

Date:   October 3, 2005

5