UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SOFTRAX CORPORATION,              )
                                 )
                    Plaintiff,   )        CASE  1:05-cv-11789-JLT
                                 )
v.                               )
                                 )
PATRICK RASICOT,                 )
                    Defendant.   )

## AFFIDAVIT OF T. CHRISTOPHER DONNELLY

I, T. Christopher Donnelly, being duly sworn, state as follows:

1.  I am lead trial counsel to plaintiff Softrax Corporation ("Softrax").  I am a
member in good standing of the Bar of this Court.

2.  Softrax commenced this action in the Massachusetts Superior Court for
Norfolk County on August 1, 2005.  On August 11, 2005, the Superior Court heard
lengthy oral argument from counsel for Rasicot and Softrax with respect to plaintiff's
motion for preliminary injunction.  On August 12, 2005, the Court issued a Memorandum
and Order, directing entry of a Preliminary Injunction against Rasicot and setting trial for
November 7, 2005 with a October 28, 2005 deadline for completion of discovery.  A
copy of the Memorandum and Order is attached hereto as Exhibit A.

3.  On August 16, 2005, Softrax served on counsel for Rasicot the document
requests attached hereto as Exhibit B.  On the same day, Softrax served the deposition
notice attached hereto as Exhibit C, setting Rasicot's deposition for September 20, 2005.

4.  On August 18, 2005, Softrax served a notice of taking the deposition of
NetSuite, Inc. pursuant to Rule 30(b)(6), and moved for issuance of a letter rogatory to

compel NetSuite's deposition in California. A copy of the deposition notice is attached hereto as Exhibit D.

     5.  On August 19, 2005, Rasicot served document requests on Softrax.

     6.  On August 30, 2005, Rasicot removed the Norfolk County action to this Court.

     7.  On August 31, 2005, I telephoned Attorney Scott Birnbaum, counsel to Rasicot, to ask him for defendant's position on whether the outstanding document requests and deposition notices were effective in light of the removal. Mr. Birnbaum's voice message system said he was out of the country, returning September 6. I subsequently spoke with Mr. Birnbaum's associate, who said an answer to my inquiry would have to await Mr. Birnbaum's return. On September 7, 2005, Mr. Birnbaum and I conferred. I told him that it was Softrax's position that both parties' discovery requests served in the state court action were operative. Mr. Birnbaum said that Rasicot intended to serve a motion for summary judgment, and it was his position that no discovery should occur in the meantime. I indicated that I did not believe a summary judgment motion was meritorious, and I wished to proceed with discovery and believed that our conversation would constitute the Rule 26(f) conference. I said that I did not believe there was much to the conference, since the two positions were clear. Specifically, it was Softrax's position that discovery should proceed with production of documents by the parties and by NetSuite and with depositions of Rasicot and NetSuite, as noticed, and that it was Rasicot's position that no discovery should occur at this time. Mr. Birnbaum confirmed that I had accurately summarized the positions of the parties.

8.  On September 6, 2005, Softrax served its mandatory initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).  A copy is attached hereto as Exhibit E.

9.  On September 7, 2005, Softrax noticed the deposition of NetSuite.  Softrax served a subpoena on NetSuite requiring it to produce documents on October 10, 2005 and to give deposition testimony on specified relevant topics on October 19, 2005.  A copy of the subpoena is attached hereto as Exhibit F.

10. Rasicot's response to Softrax's requests for production of documents was due on September 15, 2005.  On that day, Rasicot moved for a protective order that would suspend all discovery until determination of its summary judgment motion or a scheduling conference.  Rasicot has not produced any documents.

11. Rasicot did not appear for deposition on September 20, 2005--the date set in Softrax's previously served deposition notice.

12. Softrax's response to document requests served by Rasicot on August 19, 2005 was due on September 19, 2005.  Softrax responded on September 19, 2005, agreeing to produce documents as soon as a protective order entered pursuant to Fed. R. Civ. P. 26(c) to protect Softrax's confidential information.

13. On September 21, 2005, NetSuite served an objection to the subpoena pursuant to Fed. R. Civ. P. 45.  A copy of NetSuite's objection is attached hereto as Exhibit G.  NetSuite objected to producing *any* documents and providing *any* testimony.

14. In conjunction with his motion for summary judgment, Rasicot has filed a Statement of Undisputed Material Facts in Support of Defendant Patrick Rasicot's Motion for Summary Judgment ("SUMF").  Nearly half of the facts alleged therein concern the business, customers and products of NetSuite (*SUMF*, ¶¶ 9-15).  The

document requests, deposition notice and deposition subpoena referred to above and attached hereto as Exhibits B, C and F hereto relate directly to facts asserted in Rasicot's SUMF. Although Softrax has discovered from public sources--primarily NetSuite's website--that some of the asserted facts are false, it is unable to determine the truth of most of the facts without document production and depositions of Rasicot and NetSuite.

15. The discovery directed by Softrax to Rasicot and NetSuite was designed to ascertain facts relevant to construction of the Agreement. Those topics include:

- Communications between Rasicot and NetSuite regarding the Agreement, including its scope and extent;

- The details of Rasicot's interactions with NetSuite while Rasicot was employed by Softrax;

- The scope of services Rasicot has provided to NetSuite;

- Full information concerning NetSuite's consideration of Softrax as a competitor;

- Agreements between Rasicot and NetSuite regarding the Agreement, including arrangements for attorney's fees and costs.

As set forth in Paragraphs 10, 11 and 13 above, Rasicot and NetSuite have refused to provide any discovery whatsoever, including on those topics.

T. Christopher Donnelly

On this 3rd day of October, 2005, before me, the undersigned notary public, personally appeared T. Christopher Donnelly, personally known to me, to be the person whose name is signed on the preceding document, and who swore or affirmed to me that the contents of the document are truthful and accurate to the best of his knowledge and belief.

Jeanne J. Flynn, Notary Public

My commission expires: May 16, 2008

# EXHIBIT A

## Memorandum and Order

The ∏ is likely to prevail on the merits. NetSuite falls within the contract's definition of "Prohibited Businesses" as it is "engaged primarily in the ... sale ... of products ... involving ... financial application softwear designed for use by softwear ... companies." As I construe the language, it does not matter that a relatively small percentage of NetSuite's customers are softwear companies. The other defenses raised by Rasicot appear rather weak at this stage.

The case shall be brought to conclusion as soon as possible. Trial is set for Nov. 7, 200_ 9am. Final PTC shall be held on Wednesday, Nov. 2, 2005, 2 pm. All discovery shall be complete by 28 Oct 2005.

Patrick J Braley
Justice, S.C.
12 Aug 05

# EXHIBIT B

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                      SUPERIOR COURT
                                                 C. A. NO. 05-1342

SOFTRAX CORPORATION,                    )
                                        )
                      Plaintiff,        )
                                        )
v.                                      )
                                        )
                                        )
PATRICK RASICOT,                        )
                                        )
                      Defendant.        )
                                        )

# SOFTRAX CORPORATION'S FIRST REQUEST FOR
# PRODUCTION OF DOCUMENTS

Pursuant to Mass. R. Civ. P. 34, Softrax Corporation requests defendant Patrick

Rasicot to produce all of the documents and things described below in his possession,

custody or control.  The documents and things shall be produced for inspection and

copying at the offices of Donnelly, Conroy & Gelhaar, LLP, One Beacon Street, 33rd

Floor, Boston, Massachusetts 02018 within thirty days.

For each document described below that is withheld for any reason, please provide a

description of the document, its date, its author, the identity of any recipients thereof, the

subject matter of the document, and a statement of the grounds upon which Rasicot relies

in withholding it.

## Definitions

As used herein, the term "Softrax" means Softrax Corporation and its officers, directors, employees, attorneys, agents and any other person acting on its behalf.

As used herein, the term "Rasicot" means Patrick Rasicot and his agents, representatives, attorneys, and any other person acting on his behalf.

As used herein, the term "NetSuite" means NetSuite, Inc. and its officers, directors, employees, attorneys, agents and any other person acting on its behalf.

As used herein, the term "person" means any natural person or any business, legal or governmental entity or association.

As used herein, the term "concerning" means relating to, referring to, describing, evidencing or constituting.

As used herein, the term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

As used herein, the term "document" is synonymous in meaning and equal in scope to the usage of this term in Mass. R. Civ. P. 34. A draft or non-identical copy is a separate document within the meaning of this term. The term "document" includes without limitation electronic mail (e-mail), attachments to e-mails, computer disks (both hard drive and floppy disks), files, data or other matter stored on computer, and any information or data which can be obtained or detected electronically.

## DOCUMENTS REQUESTED

1. All documents constituting, recording, noting, concerning, referring to or relating in any way to communications between Rasicot and NetSuite.

2.  All documents constituting or concerning agreements between Rasicot and NetSuite.  This request includes without limitation all compensation plans, employment contracts, employment-related contracts and communications, business expense reimbursement submissions, and indemnification/reimbursement agreements.

3.  All documents constituting or concerning any job description for a position offered to Rasicot by NetSuite, sought by Rasicot at NetSuite, or held at any time by Rasicot at NetSuite.

4.  All documents concerning the terms and conditions of NetSuite's employment of Rasicot.  This request includes without limitation all documents stating, referring to or evidencing Rasicot's salary, benefits and expense reimbursements.

5.  All documents concerning any search for employment by Rasicot within the last twelve months including, without limitation, calendars and interview schedules.

6.  All documents constituting or concerning any resume, curriculum vitae, or work history for Rasicot.

7.  All documents constituting or concerning any communications between Rasicot and Softrax since June 3, 2005.

8.  All documents constituting or concerning any communications between Rasicot and NetSuite's counsel, including without limitation McMahon Law Group or Peter McMahon.

9.  All documents showing or concerning payments from NetSuite to Rasicot.

10. All documents constituting or concerning any communications between Rasicot and current or prospective customers of NetSuite.

11. All documents constituting or concerning any communications since June 17, 2005 between Rasicot and current or prospective customers of Softrax.

12. Rasicot's calendar(s), travel itineraries, schedules, and day timers for the period May 1, 2005 through the present.

13. All bills showing telephone calls (cell, home, business and otherwise) made by Rasicot during the period May 2005 through the present.

14. Documents sufficient to show Rasicot's net worth as of August 10, 2005. This request includes without limitation documents sufficient to show the value of each asset (real estate, investments, cars, boats and other property of any kind) owned by Rasicot and any debt or liabilities of Rasicot.

15. All documents constituting or concerning any communications between Rasicot and any other person that mentions NetSuite or Softrax.

16. All documents constituting or concerning any training received by Rasicot from NetSuite or given by Rasicot to NetSuite employees, contractors or consultants.

17. The curriculum vitae and/or resume of each expert witness Rasicot intends to call at trial of this matter.

SOFTRAX CORPORATION

By its attorneys,

T. Christopher Donnelly (BBO #129930)
Paula M. McManus (BBO #648029)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

Dated: August 16, 2005

## CERTIFICATE OF SERVICE

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand

Date: 8/16/05

# EXHIBIT C

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
C. A. NO. 05-1342

| | |
|---|---|
| SOFTRAX CORPORATION, )<br><br>Plaintiff, )<br><br>v. )<br><br>PATRICK RASICOT, )<br><br>Defendant. ) | NOTICE OF TAKING<br>DEPOSITION |

**TO:**   Scott A. Birnbaum, Esq.
Melissa M. Longo, Esq.
Birnbaum & Godkin, LLP
280 Summer Street, 5th Floor
Boston, MA 02210

**PLEASE TAKE NOTICE** that at 9:30 a.m. on September 20, 2005 at the offices of Donnelly, Conroy & Gelhaar, LLP, One Beacon Street, 33rd Floor, Boston, MA 02108 plaintiff, Softrax Corporation, by its attorneys, will take the deposition upon oral examination of Patrick Rasicot. The deposition will be conducted before a Notary Public or some other officer authorized by law to administer oaths. The oral examination will continue from day to day until completed. You are invited to attend and cross-examine.

SOFTRAX CORPORATION

By its attorneys,

T. Christopher Donnelly (BBO #129930)
Paula M. McManus (BBO #648029)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

Dated:  August 16, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand

Date: 8/16/05

# EXHIBIT D



COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                        SUPERIOR COURT
                                                   C. A. NO. 05-1342

```
                              )
SOFTRAX CORPORATION,          )
                              )
                Plaintiff,    )        NOTICE OF TAKING
                              )        RULE 30(B)(6) DEPOSITION
v.                            )
                              )
                              )
PATRICK RASICOT,              )
                              )
                Defendant.    )
                              )
```

**TO:    Scott A. Birnbaum, Esq.**
**Melissa M. Longo, Esq.**
**Birnbaum & Godkin, LLP**
**280 Summer Street, 5th Floor**
**Boston, MA 02210**


**PLEASE TAKE NOTICE** that at 10:00 a.m. on September 30, 2005 at the

offices of DeSouza and Associates, One Waters Park Drive, Suite 180, San Mateo,

California 94403, plaintiff, Softrax Corporation, by its attorneys, will take the deposition

upon oral examination of NetSuite, Inc. by one or more of its officers, directors,

managing agents, or other persons who consent to testify in its behalf, to be designated in

accordance with Massachusetts Rule of Civil Procedure 30(b)(6) as the person or persons

most knowledgeable concerning the matters for examination listed on Schedule A hereto.

The witness has been requested to produce all of the documents and things described on

Schedule B hereto in its possession, custody or control.  The documents and things shall

be produced for inspection and copying at the offices of Donnelly, Conroy & Gelhaar,

LLP, One Beacon Street, 33rd Floor, Boston, Massachusetts 02018, seven (7) days prior

to the deposition upon oral examination.  The deposition will be conducted before a

Notary Public or some other officer authorized by law to administer oaths.  The oral

examination will continue from day to day until completed.

**You are invited to attend and cross-examine.**

SOFTRAX CORPORATION

By its attorneys,

T. Christopher Donnelly (BBO #129930)
Paula M. McManus (BBO #648029)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

Dated: August 18, 2005

# Schedule A

## DEFINITIONS

A. "Softrax" means Softrax Corporation and its officers, directors, employees, attorneys, agents and any other person acting on its behalf.

B. "Rasicot" means Patrick Rasicot and his agents, representatives, attorneys, and any other person acting on his behalf.

C. "NetSuite" means NetSuite, Inc. and its officers, directors, employees, attorneys, agents and any other person acting on its behalf.

## MATTERS FOR EXAMINATION

1.    All communications between NetSuite and Rasicot.

2.    NetSuite's hiring of Rasicot.

3.    The terms and conditions of Rasicot's employment by NetSuite, including without limitation all contracts .

4.    NetSuite's solicitation of and/or efforts to hire any Softrax employees, including but not limited to Rasicot.

5.    NetSuite's knowledge of or inquiry into any non-competition or non-disclosure agreements between Rasicot and Softrax.

6.    Rasicot's duties and responsibilities at NetSuite.

7.    Services performed by and training received by Rasicot since his employment began at NetSuite.

8.    The position of  Subject Matter Expert at NetSuite.

9.    Since June 17, 2005, contacts and communications between Rasicot and customers and prospective customers of Softrax.

10.     All payments and other compensation including, without limitation, stock options and employee benefits provided from NetSuite to Rasicot.

11.     NetSuite's business model, products and customers, including the extent to which Softrax is a competitor and/or is considered a competitor of NetSuite.

12.     The contents of NetSuite's website and any changes thereto.

# Schedule B

## DEFINITIONS

As used herein, the term "Softrax" means Softrax Corporation and its officers, directors, employees, attorneys, agents and any other person acting on its behalf.

As used herein, the term "Rasicot" means Patrick Rasicot and his agents, representatives, attorneys, and any other person acting on his behalf.

As used herein, the term "NetSuite" means NetSuite, Inc. and its officers, directors, employees, attorneys, agents and any other person acting on its behalf.

As used herein, the term "person" means any natural person or any business, legal or governmental entity or association.

As used herein, the term "concerning" means relating to, referring to, describing, evidencing or constituting.

As used herein, the term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

As used herein, the term "document" is synonymous in meaning and equal in scope to the usage of this term in Mass. R. Civ. P. 34. A draft or non-identical copy is a separate document within the meaning of this term. The term "document" includes without limitation electronic mail (e-mail), attachments to e-mails, computer disks (both hard drive and floppy disks), files, data or other matter stored on computer, and any information or data which can be obtained or detected electronically.

## DOCUMENTS REQUESTED

1. All documents constituting, recording, noting, concerning, referring to or relating in any way to the hiring of Rasicot by NetSuite whether before, during or

following such hiring, and including, without limitation, any documents related to the pre-hiring, employment or post-hiring process.

2. All documents constituting, recording, noting, concerning, referring to or relating in any way to communications between Rasicot and NetSuite.

3. All documents constituting or concerning any job description for any position held by Rasicot at NetSuite, sought by Rasicot at NetSuite or offered to Rasicot by NetSuite.

4. All documents constituting or concerning NetSuite's job description for Subject Matter Expert, whether held by Rasicot or anyone else.

5. The employment file of Rasicot.

6. All payroll records for Rasicot.

7. All documents showing or concerning payments from NetSuite to Rasicot prior to or after his hiring by NetSuite, including, without limitation, reimbursement payments and travel arranged and paid for directly by NetSuite.

8. All documents constituting or concerning any contact between Rasicot and current or prospective clients of NetSuite.

9. All documents concerning the terms and conditions of NetSuite's employment of Rasicot. This request includes without limitation all documents stating, referring to or evidencing Rasicot's salary, benefits, expense reimbursements or other employment or employment-related compensation of any kind (including, without limitation, stock options, stock grants, employee benefits and paid time off).

10. All documents constituting or concerning any efforts to hire any Softrax employees, including but not limited to Rasicot.

11. All documents that mention, reference, concern or relate to Softrax.

12. All documents constituting or concerning any communications with Rasicot's counsel, including without limitation Birnbaum & Godkin, LLP.

13. All NetSuite marketing, training, services, sales, pre-sales or development documentation to which Rasicot reviewed or to which Rasicot contributed in any way.

14. All documents concerning product implementation or other service projects undertaken by Rasicot while employed by NetSuite or on which Rasicot consulted, in which he participated or which he reviewed.

15. All documents constituting or concerning Rasicot's schedule and/or calendar since he became employed by NetSuite. This request includes without limitation documents showing NetSuite meetings which Rasicot attended or to which he was invited, whether or not he attended same.

16. All documents constituting or concerning training that Rasicot gave to or received from NetSuite employees, contractors, consultants or customers.

17. All documents constituting or concerning the work performed by Rasicot on behalf of NetSuite since May 1, 2005.

# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SOFTRAX CORPORATION,      )
                                 )
               Plaintiff,    )     CASE 1:05-cv-11789-JLT
                                 )
v.                             )
                                 )
PATRICK RASICOT,         )
               Defendant.   )

## PLAINTIFF'S INITIAL DISCLOSURES

Pursuant to Fed. R. Civ. P. 26(a)(1), plaintiff Softrax Corporation ("Softrax") makes

the following initial disclosures:

**A.**     **Persons likely to have discoverable information that plaintiff may use to support its claims.**

The following persons are likely to have discoverable information that Softrax

may use to support its claims:

    1.  Robert D. O'Connor, Jr.
       Softrax Corporation
       45 Shawmut Road
       Canton, MA 02021

       **Subjects:** *See* affidavits dated July 29, 2005 and August 11, 2005.

    2.  Jake Fennessy
       Softrax Corporation
       45 Shawmut Road
       Canton, MA 02021

       **Subjects:** *See* affidavit dated August 1, 2005.

    3.  David Milligan
       Softrax Corporation
       45 Shawmut Road
       Canton, MA 02021

       **Subjects:** *See* affidavit dated August 1, 2005.

4.  Gottfried Sehringer
    Softrax Corporation
    45 Shawmut Road
    Canton, MA  02021

    **Subjects:**  *See* affidavit dated July 29, 2005.

5.  Josh Roffman
    Softrax Corporation
    45 Shawmut Road
    Canton, MA  02021

    **Subjects:**  *See* affidavit dated August 11, 2005.

6.  Theodore Bardasz
    Softrax Corporation
    45 Shawmut Road
    Canton, MA  02021

    **Subjects:**  Softrax product development and design.

7.  Patrick Rasicot
    250 Staple Road
    Cumberland, RI

    **Subjects:**  Breach of non-competition agreement; employment by and
    contacts with NetSuite, Inc.; duties and responsibilities at Softrax and
    NetSuite.

8.  Jim McGeever
    c/o NetSuite Inc.
    San Matteo, CA

    **Subjects:**  Admissions in affidavit dated August __, 2005.

9.  Melissa Saunders
    c/o NetSuite Inc.
    San Matteo, CA

    **Subjects:**  Admissions in affidavit dated August __, 2005.

10. Mei Li
c/o Net Suite Inc.
San Matteo, CA

**Subjects:**  Admissions in affidavit dated August 9, 2005; NetSuite's websites, press releases and other corporate communications.

B.     <u>Documents that plaintiff may use to support its claims</u>.

The following categories of documents in the possession, custody or control of Softrax may be used by Softrax to support its claims:

1. Non-Competition, Non-Disclosure and Inventions Agreement dated March 13, 2000.

2. All documents attached to the Affidavits of Messrs. O'Connor, Fennessy, Milligan, Sehringer and Roffman.

3. NetSuite's web site and various iterations thereof.

4. Invoices and time records of Donnelly, Conroy & Gelhaar, LLP (to be redacted).

C.     <u>Plaintiff's Damages</u>

Plaintiff Softrax has obtained a preliminary injunction and seeks a permanent injunction.  Plaintiff also seeks "all reasonable costs and expenses (including, without limitation, court costs and attorneys' fees) incurred by [Softrax] in connection with [its action to enforce the non-competition agreement]." *Non-Competition Agreement*, § 9.  As attorneys' fees and expenses are continuing to accrue, Softrax is unable to compute the total amount sought.  Through August 31, 2005, fees and expenses of Softrax's outside counsel, Donnelly, Conroy & Gelhaar, LLP, amount to approximately $60,000.  Softrax will supplement this disclosure, to the extent required by Rule 26(a).

3

**D.**    **Insurance**

Not applicable.

SOFTRAX CORPORATION

By its attorneys,

T. Christopher Donnelly (BBO #129930)
Paula M. McManus (BBO #648029)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

Dated: September 6, 2005

**EXHIBIT F**

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

SOFTRAX CORPORATION

**SUBPOENA IN A CIVIL CASE**

V.

PATRICK RASICOT

Case Number:[1] 1:05-CV-11789-JLT
District of Massachusetts

TO: NetSuite, Inc.
2955 Campus Drive, Suite 100
San Mateo, CA 94403-2511

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

X  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION DeSouza and Associates<br>One Waters Park Drive, Suite 180<br>San Mateo, CA 94403 | DATE AND TIME<br>October 19, 2005 @ 10:00 a.m |
|---|---|

X  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Schedule A attached to Notice of Taking Deposition of NetSuite, Inc.

| PLACE  Donnelly, Conroy & Gelhaar, LLP<br>One Beacon St., 33rd Floor, Boston, MA 02108 | DATE AND TIME<br>October 10, 2005 @ 10:00 a.m |
|---|---|

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    Attorney for Plaintiff | DATE<br>September 7, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Paula McManus, Esq.
Donnelly, Conroy & Gelhaar, One Beacon St., 33rd Floor, Boston, MA 02108
617-720-2880

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

| | PROOF OF SERVICE | |
|---|---|---|
| | DATE | PLACE |
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on

DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT G

PETER C. McMAHON (State Bar No. 161841)
PAMELA L. KELLY (State Bar No. 230761)
McMAHON LAW GROUP, *A Professional Corporation*
545 Middlefield Road, Suite 230
Menlo Park, CA 94025
Tel:  650-325-2400
Fax:  650-325-2405

Attorneys for Third-Party
NETSUITE, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SOFTRAX CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PATRICK RASICOT,<br><br>　　　　Defendant | Case No.:  1:05-CV-11789-JLT<br><br>(Pending in the District of Massachusetts)<br><br>**NETSUITE, INC.'S RESPONSE AND OBJECTIONS TO PLAINTIFF'S THIRD-PARTY SUBPOENA FOR DOCUMENTS** |

Pursuant to Federal Rule of Civil Procedure 45, third-party NetSuite, Inc. ("Responding Party" or "NetSuite"), responds and objects to the subpoena issued by "UNITED STATES DISTRICT COURT, NORTHERN DISTRICT OF CALIFORNIA," as follows:

## GENERAL OBJECTIONS TO SUBPOENA IN A CIVIL CASE

1.     Responding Party objects to the subpoena on the grounds that it does not comply with the requirements and/or procedures mandated by Federal Rule of Civil Procedure 45, including without limitation subsections (b) and (c) thereto.

2.     Responding Party objects to the subpoena to the extent the subpoena requests documents subject to the attorney-client and/or attorney-work product privileges. Responding Party objects to the subpoena to the extent the subpoena requests privileged private documents.

3.     Responding Party objects to the subpoena to the extent it requests confidential, proprietary and/or trade secret information.

4.     Responding Party objects to the subpoena to the extent that it requires the disclosure of private information.

5.     Responding Party objects to the subpoena to the extent it seeks documents and/or testimony that is not reasonably calculated to lead to the discovery of admissible evidence.

6.     Responding Party objects to the subpoena on the ground that it subjects Responding Party to undue burden.

7.     Responding Party objects to the subpoena on the ground that it is informed and believes that Defendant has filed a Motion for Protective Order – staying discovery.

## RULE 30(B)(6) DEPOSITION OF NETSUITE, INC.

**MATTER OF EXAMINATION NO. 1:**

All communications between NetSuite and Rasicot.

**RESPONSE TO MATTER OF EXAMINATION NO. 1:**

Responding Party objects to the examination on the grounds that the subpoena did not comply with the requirements and/or procedures mandated by Federal Rule of Civil

1 | Procedure 45, including without limitation subsections (b) and (c) thereto. Responding Party
2 | objects to the examination to the extent the subpoena requests testimony subject to the attorney-
3 | client and/or attorney-work product privileges. Responding Party objects to the examination to
4 | the extent it requests confidential, proprietary and/or trade secret information. Responding Party
5 | objects to the examination to the extent that it requires the disclosure of private information.
6 | Responding Party objects to the examination to the extent it seeks testimony that is not
7 | reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects
8 | to the examination on the ground that it subjects Responding Party to undue burden. Responding
9 | Party objects to the examination on the ground that it is informed and believes that Defendant
10 | Rasicot has filed a Motion for Protective Order – staying discovery. Responding Party objects
11 | that the phrase "communications" is overbroad, vague and ambiguous.

12 | **MATTER OF EXAMINATION NO. 2:**

13 | NetSuite's hiring of Rasicot.

14 | **RESPONSE TO MATTER OF EXAMINATION NO. 2:**

15 | Responding Party objects to the examination on the grounds that the subpoena did
16 | not comply with the requirements and/or procedures mandated by Federal Rule of Civil
17 | Procedure 45, including without limitation subsections (b) and (c) thereto. Responding Party
18 | objects to the examination to the extent the subpoena requests testimony subject to the attorney-
19 | client and/or attorney-work product privileges. Responding Party objects to the examination to
20 | the extent it requests confidential, proprietary and/or trade secret information. Responding Party
21 | objects to the examination to the extent that it requires the disclosure of private information.
22 | Responding Party objects to the examination to the extent it seeks testimony that is not
23 | reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects
24 | to the examination on the ground that it subjects Responding Party to undue burden. Responding
25 | Party objects to the examination on the ground that it is informed and believes that Defendant
26 | Rasicot has filed a Motion for Protective Order – staying discovery.

27 | ///

28 | ///

1  **MATTER OF EXAMINATION NO. 3:**

2         The terms and conditions of Rasicot's employment by NetSuite, including without

3  limitation all contracts.

4  **RESPONSE TO MATTER OF EXAMINATION NO. 3:**

5         Responding Party objects to the examination on the grounds that the subpoena did

6  not comply with the requirements and/or procedures mandated by Federal Rule of Civil

7  Procedure 45, including without limitation subsections (b) and (c) thereto.  Responding Party

8  objects to the examination to the extent the subpoena requests testimony subject to the attorney-

9  client and/or attorney-work product privileges.  Responding Party objects to the examination to

10 the extent it requests confidential, proprietary and/or trade secret information. Responding Party

11 objects to the examination to the extent that it requires the disclosure of private information.

12 Responding Party objects to the examination to the extent it seeks testimony that is not

13 reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects

14 to the examination on the ground that it subjects Responding Party to undue burden.  Responding

15 Party objects to the examination on the ground that it is informed and believes that Defendant

16 Rasicot has filed a Motion for Protective Order – staying discovery.  Responding Party objects

17 that the phrase "terms and conditions of Rasicot's employment" is overbroad, vague and

18 ambiguous.

19 **MATTER OF EXAMINATION NO. 4:**

20        NetSuite's solicitation of and/or efforts to hire any Softrax employees, including

21 but not limited to Rasicot.

22 **RESPONSE TO MATTER OF EXAMINATION NO. 4:**

23        Responding Party objects to the examination on the grounds that the subpoena did

24 not comply with the requirements and/or procedures mandated by Federal Rule of Civil

25 Procedure 45, including without limitation subsections (b) and (c) thereto.  Responding Party

26 objects to the examination to the extent the subpoena requests testimony subject to the attorney-

27 client and/or attorney-work product privileges.  Responding Party objects to the examination to

28 the extent it requests confidential, proprietary and/or trade secret information. Responding Party

1    objects to the examination to the extent that it requires the disclosure of private information.

2    Responding Party objects to the examination to the extent it seeks testimony that is not

3    reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects

4    to the examination on the ground that it subjects Responding Party to undue burden. Responding

5    Party objects to the examination on the ground that it is informed and believes that Defendant

6    Rasicot has filed a Motion for Protective Order – staying discovery. Responding Party objects

7    that the phrase "solicitation of and/or efforts to hire" is overbroad, vague and ambiguous.

8    **MATTER OF EXAMINATION NO. 5:**

9           NetSuite's knowledge of or inquiry into any non-competition or non-disclosure

10   agreements between Rasicot and Softrax.

11   **RESPONSE TO MATTER OF EXAMINATION NO. 5:**

12          Responding Party objects to the examination on the grounds that the subpoena did

13   not comply with the requirements and/or procedures mandated by Federal Rule of Civil

14   Procedure 45, including without limitation subsections (b) and (c) thereto. Responding Party

15   objects to the examination to the extent the subpoena requests testimony subject to the attorney-

16   client and/or attorney-work product privileges. Responding Party objects to the examination to

17   the extent it requests confidential, proprietary and/or trade secret information. Responding Party

18   objects to the examination to the extent that it requires the disclosure of private information.

19   Responding Party objects to the examination to the extent it seeks testimony that is not

20   reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects

21   to the examination on the ground that it subjects Responding Party to undue burden. Responding

22   Party objects to the examination on the ground that it is informed and believes that Defendant

23   Rasicot has filed a Motion for Protective Order – staying discovery. Responding Party objects

24   that the phrase "knowledge of or inquiry into" is overbroad, vague and ambiguous.

25   **MATTER OF EXAMINATION NO. 6:**

26          Rasicot's duties and responsibilities at NetSuite.

27   **RESPONSE TO MATTER OF EXAMINATION NO. 6:**

28

1     Responding Party objects to the examination on the grounds that the subpoena did

2   not comply with the requirements and/or procedures mandated by Federal Rule of Civil

3   Procedure 45, including without limitation subsections (b) and (c) thereto.  Responding Party

4   objects to the examination to the extent the subpoena requests testimony subject to the attorney-

5   client and/or attorney-work product privileges.  Responding Party objects to the examination to

6   the extent it requests confidential, proprietary and/or trade secret information. Responding Party

7   objects to the examination to the extent that it requires the disclosure of private information.

8   Responding Party objects to the examination to the extent it seeks testimony that is not

9   reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects

10   to the examination on the ground that it subjects Responding Party to undue burden.  Responding

11   Party objects to the examination on the ground that it is informed and believes that Defendant

12   Rasicot has filed a Motion for Protective Order – staying discovery.  Responding Party objects

13   that the phrase "duties and responsibilities" is overbroad, vague and ambiguous.

14   **MATTER OF EXAMINATION NO. 7:**

15     Services performed by and training received by Rasicot since his employment

16   began at NetSuite.

17   **RESPONSE TO MATTER OF EXAMINATION NO. 7:**

18     Responding Party objects to the examination on the grounds that the subpoena did

19   not comply with the requirements and/or procedures mandated by Federal Rule of Civil

20   Procedure 45, including without limitation subsections (b) and (c) thereto.  Responding Party

21   objects to the examination to the extent the subpoena requests testimony subject to the attorney-

22   client and/or attorney-work product privileges.  Responding Party objects to the examination to

23   the extent it requests confidential, proprietary and/or trade secret information. Responding Party

24   objects to the examination to the extent that it requires the disclosure of private information.

25   Responding Party objects to the examination to the extent it seeks testimony that is not

26   reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects

27   to the examination on the ground that it subjects Responding Party to undue burden.  Responding

28   Party objects to the examination on the ground that it is informed and believes that Defendant

1  Rasicot has filed a Motion for Protective Order – staying discovery.  Responding Party objects

2  that the phrase "services performed and training received" is overbroad, vague and ambiguous.

3  **MATTER OF EXAMINATION NO. 8:**

4                    The position of Subject Matter Expert at NetSuite.

5  **RESPONSE TO MATTER OF EXAMINATION NO. 8:**

6                    Responding Party objects to the examination on the grounds that the subpoena did

7  not comply with the requirements and/or procedures mandated by Federal Rule of Civil

8  Procedure 45, including without limitation subsections (b) and (c) thereto.  Responding Party

9  objects to the examination to the extent the subpoena requests testimony subject to the attorney-

10  client and/or attorney-work product privileges.  Responding Party objects to the examination to

11  the extent it requests confidential, proprietary and/or trade secret information. Responding Party

12  objects to the examination to the extent that it requires the disclosure of private information.

13  Responding Party objects to the examination to the extent it seeks testimony that is not

14  reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects

15  to the examination on the ground that it subjects Responding Party to undue burden.  Responding

16  Party objects to the examination on the ground that it is informed and believes that Defendant

17  Rasicot has filed a Motion for Protective Order – staying discovery.  Responding Party objects

18  that the phrase "position of Subject Matter Expert" is overbroad, vague and ambiguous.

19  **MATTER OF EXAMINATION NO. 9:**

20                    Since June 17, 2005, contacts and communications between Rasicot and

21  customers and prospective customers of Softrax.

22  **RESPONSE TO MATTER OF EXAMINATION NO. 9:**

23                    Responding Party objects to the examination on the grounds that the subpoena did

24  not comply with the requirements and/or procedures mandated by Federal Rule of Civil

25  Procedure 45, including without limitation subsections (b) and (c) thereto.  Responding Party

26  objects to the examination to the extent the subpoena requests testimony subject to the attorney-

27  client and/or attorney-work product privileges.  Responding Party objects to the examination to

28  the extent it requests confidential, proprietary and/or trade secret information. Responding Party

1 objects to the examination to the extent that it requires the disclosure of private information.

2 Responding Party objects to the examination to the extent it seeks testimony that is not

3 reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects

4 to the examination on the ground that it subjects Responding Party to undue burden. Responding

5 Party objects to the examination on the ground that it is informed and believes that Defendant

6 Rasicot has filed a Motion for Protective Order – staying discovery. Responding Party objects

7 that the phrase "contacts and communications" is overbroad, vague and ambiguous.

8 **MATTER OF EXAMINATION NO. 10:**

9       All payments and other compensation including, without limitation, stock options

10 and employee benefits provided from NetSuite to Rasicot.

11 **RESPONSE TO MATTER OF EXAMINATION NO. 10:**

12       Responding Party objects to the examination on the grounds that the subpoena did

13 not comply with the requirements and/or procedures mandated by Federal Rule of Civil

14 Procedure 45, including without limitation subsections (b) and (c) thereto. Responding Party

15 objects to the examination to the extent the subpoena requests testimony subject to the attorney-

16 client and/or attorney-work product privileges. Responding Party objects to the examination to

17 the extent it requests confidential, proprietary and/or trade secret information. Responding Party

18 objects to the examination to the extent that it requires the disclosure of private information.

19 Responding Party objects to the examination to the extent it seeks testimony that is not

20 reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects

21 to the examination on the ground that it subjects Responding Party to undue burden. Responding

22 Party objects to the examination on the ground that it is informed and believes that Defendant

23 Rasicot has filed a Motion for Protective Order – staying discovery. Responding Party objects

24 that the phrase "other compensation" is overbroad, vague and ambiguous.

25 **MATTER OF EXAMINATION NO. 11:**

26       NetSuite's business model, products and customers, including the extent to which

27 Softrax is a competitor and/or is considered a competitor of NetSuite.

28 **RESPONSE TO MATTER OF EXAMINATION NO. 11:**

1           Responding Party objects to the examination on the grounds that the subpoena did

2   not comply with the requirements and/or procedures mandated by Federal Rule of Civil

3   Procedure 45, including without limitation subsections (b) and (c) thereto. Responding Party

4   objects to the examination to the extent the subpoena requests testimony subject to the attorney-

5   client and/or attorney-work product privileges. Responding Party objects to the examination to

6   the extent it requests confidential, proprietary and/or trade secret information. Responding Party

7   objects to the examination to the extent that it requires the disclosure of private information.

8   Responding Party objects to the examination to the extent it seeks testimony that is not

9   reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects

10   to the examination on the ground that it subjects Responding Party to undue burden. Responding

11   Party objects to the examination on the ground that it is informed and believes that Defendant

12   Rasicot has filed a Motion for Protective Order – staying discovery. Responding Party objects

13   that the phrase "business model, products and customers, including the extent to which Softrax is

14   a competitor and/or is considered a competitor of NetSuite" is overbroad, vague and ambiguous.

15   **MATTER OF EXAMINATION NO. 12:**

16           The contents of NetSuite's website and changes thereto.

17   **RESPONSE TO MATTER OF EXAMINATION NO. 12:**

18           Responding Party objects to the examination on the grounds that the subpoena did

19   not comply with the requirements and/or procedures mandated by Federal Rule of Civil

20   Procedure 45, including without limitation subsections (b) and (c) thereto. Responding Party

21   objects to the examination to the extent the subpoena requests testimony subject to the attorney-

22   client and/or attorney-work product privileges. Responding Party objects to the examination to

23   the extent it requests confidential, proprietary and/or trade secret information. Responding Party

24   objects to the examination to the extent that it requires the disclosure of private information.

25   Responding Party objects to the examination to the extent it seeks testimony that is not

26   reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects

27   to the examination on the ground that it subjects Responding Party to undue burden. Responding

28   Party objects to the examination on the ground that it is informed and believes that Defendant

1  Rasicot has filed a Motion for Protective Order – staying discovery.  Responding Party objects

2  that the phrase "contents of NetSuite's website and changes thereto" is overbroad, vague and

3  ambiguous.

**DOCUMENT REQUESTS**

4

**DOCUMENT REQUEST NO. 1:**

5

6  All documents constituting, recording, noting, concerning, referring to or relating

7  in any way to the hiring of Rasicot by NetSuite whether before, during or following such hiring,

8  and including, without limitation, any documents related to the pre-hiring, employment or post-

9  hiring process.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

10

11  Responding Party objects to the document request on the grounds that the

12  subpoena did not comply with the requirements and/or procedures mandated by Federal Rule of

13  Civil Procedure 45, including without limitation subsections (b) and (c) thereto.  Responding

14  Party objects to the document request to the extent the request seeks documents subject to the

15  attorney-client and/or attorney-work product privileges.  Responding Party objects to the request

16  to the extent it requests confidential, proprietary and/or trade secret information. Responding

17  Party objects to the request to the extent that it requires the disclosure of private information.

18  Responding Party objects to the request to the extent it seeks documents that are not reasonably

19  calculated to lead to the discovery of admissible evidence.  Responding Party objects to the

20  request on the ground that it subjects Responding Party to undue burden.  Responding Party

21  objects to the examination on the ground that it is informed and believes that Defendant Rasicot

22  has filed a Motion for Protective Order – staying discovery.  Responding Party objects that the

23  phrase "constituting, recording, noting, concerning, referring to or relating in any way to the

24  hiring of Rasicot by NetSuite whether before, during or following such hiring, and including,

25  without limitation, any documents related to the pre-hiring, employment or post-hiring process"

26  is overbroad, vague and ambiguous.

27  **DOCUMENT REQUEST NO. 2:**

28

1           All documents constituting, recording, noting, concerning, referring to or relating

2    in any way to communications between Rasicot and NetSuite.

3    **RESPONSE TO DOCUMENT REQUEST NO. 2:**

4           Responding Party objects to the document request on the grounds that the

5    subpoena did not comply with the requirements and/or procedures mandated by Federal Rule of

6    Civil Procedure 45, including without limitation subsections (b) and (c) thereto. Responding

7    Party objects to the document request to the extent the request seeks documents subject to the

8    attorney-client and/or attorney-work product privileges. Responding Party objects to the request

9    to the extent it requests confidential, proprietary and/or trade secret information. Responding

10    Party objects to the request to the extent that it requires the disclosure of private information.

11    Responding Party objects to the request to the extent it seeks documents that are not reasonably

12    calculated to lead to the discovery of admissible evidence. Responding Party objects to the

13    request on the ground that it subjects Responding Party to undue burden. Responding Party

14    objects to the examination on the ground that it is informed and believes that Defendant Rasicot

15    has filed a Motion for Protective Order – staying discovery. Responding Party objects that the

16    phrase "constituting, recording, noting, concerning, referring to or relating in any way to

17    communications" is overbroad, vague and ambiguous.

18    **DOCUMENT REQUEST NO. 3:**

19           All documents constituting or concerning any job description for any position

20    held by Rasicot at NetSuite, sought by Rasicot at NetSuite or offered to Rasicot by NetSuite.

21    **RESPONSE TO DOCUMENT REQUEST NO. 3:**

22           Responding Party objects to the document request on the grounds that the

23    subpoena did not comply with the requirements and/or procedures mandated by Federal Rule of

24    Civil Procedure 45, including without limitation subsections (b) and (c) thereto. Responding

25    Party objects to the document request to the extent the request seeks documents subject to the

26    attorney-client and/or attorney-work product privileges. Responding Party objects to the request

27    to the extent it requests confidential, proprietary and/or trade secret information. Responding

28    Party objects to the request to the extent that it requires the disclosure of private information.

1  Responding Party objects to the request to the extent it seeks documents that are not reasonably

2  calculated to lead to the discovery of admissible evidence. Responding Party objects to the

3  request on the ground that it subjects Responding Party to undue burden. Responding Party

4  objects to the examination on the ground that it is informed and believes that Defendant Rasicot

5  has filed a Motion for Protective Order – staying discovery. Responding Party objects that the

6  phrase "constituting or concerning any job description for any position held by Rasicot at

7  NetSuite, sought by Rasicot at NetSuite or offered to Rasicot by NetSuite" is overbroad, vague

8  and ambiguous.

9  **DOCUMENT REQUEST NO. 4:**

10         All documents constituting or concerning NetSuite's job description for Subject

11 Matter Expert, whether held by Rasicot or anyone else.

12 **RESPONSE TO DOCUMENT REQUEST NO. 4:**

13         Responding Party objects to the document request on the grounds that the

14 subpoena did not comply with the requirements and/or procedures mandated by Federal Rule of

15 Civil Procedure 45, including without limitation subsections (b) and (c) thereto. Responding

16 Party objects to the document request to the extent the request seeks documents subject to the

17 attorney-client and/or attorney-work product privileges. Responding Party objects to the request

18 to the extent it requests confidential, proprietary and/or trade secret information. Responding

19 Party objects to the request to the extent that it requires the disclosure of private information.

20 Responding Party objects to the request to the extent it seeks documents that are not reasonably

21 calculated to lead to the discovery of admissible evidence. Responding Party objects to the

22 request on the ground that it subjects Responding Party to undue burden. Responding Party

23 objects to the examination on the ground that it is informed and believes that Defendant Rasicot

24 has filed a Motion for Protective Order – staying discovery. Responding Party objects that the

25 phrase "constituting or concerning NetSuite's job description for Subject Matter Expert, whether

26 held by Rasicot or anyone else" is overbroad, vague and ambiguous.

27 **DOCUMENT REQUEST NO. 5:**

28         The employment file of Rasicot.

1 **RESPONSE TO DOCUMENT REQUEST NO. 5:**

2       Responding Party objects to the document request on the grounds that the

3 subpoena did not comply with the requirements and/or procedures mandated by Federal Rule of

4 Civil Procedure 45, including without limitation subsections (b) and (c) thereto. Responding

5 Party objects to the document request to the extent the request seeks documents subject to the

6 attorney-client and/or attorney-work product privileges. Responding Party objects to the request

7 to the extent it requests confidential, proprietary and/or trade secret information. Responding

8 Party objects to the request to the extent that it requires the disclosure of private information.

9 Responding Party objects to the request to the extent it seeks documents that are not reasonably

10 calculated to lead to the discovery of admissible evidence. Responding Party objects to the

11 examination on the ground that it is informed and believes that Defendant Rasicot has filed a

12 Motion for Protective Order – staying discovery. Responding Party objects that the phrase

13 "employment file" is overbroad, vague and ambiguous.

14 **DOCUMENT REQUEST NO. 6:**

15       All payroll records for Rasicot.

16 **RESPONSE TO DOCUMENT REQUEST NO. 6:**

17       Responding Party objects to the document request on the grounds that the

18 subpoena did not comply with the requirements and/or procedures mandated by Federal Rule of

19 Civil Procedure 45, including without limitation subsections (b) and (c) thereto. Responding

20 Party objects to the document request to the extent the request seeks documents subject to the

21 attorney-client and/or attorney-work product privileges. Responding Party objects to the request

22 to the extent it requests confidential, proprietary and/or trade secret information. Responding

23 Party objects to the request to the extent that it requires the disclosure of private information.

24 Responding Party objects to the request to the extent it seeks documents that are not reasonably

25 calculated to lead to the discovery of admissible evidence. . Responding Party objects to the

26 request on the ground that it subjects Responding Party to undue burden. Responding Party

27 objects to the examination on the ground that it is informed and believes that Defendant Rasicot

28

1  has filed a Motion for Protective Order – staying discovery.  Responding Party objects that the

2  phrase "all payroll records" is overbroad, vague and ambiguous.

3  **DOCUMENT REQUEST NO. 7:**

4        All documents showing or concerning payments from NetSuite to Rasicot prior to

5  or after his hiring by NetSuite, including, without limitation, reimbursement payments and travel

6  arranged and paid for directly by NetSuite.

7  **RESPONSE TO DOCUMENT REQUEST NO. 7:**

8        Responding Party objects to the document request on the grounds that the

9  subpoena did not comply with the requirements and/or procedures mandated by Federal Rule of

10  Civil Procedure 45, including without limitation subsections (b) and (c) thereto.  Responding

11  Party objects to the document request to the extent the request seeks documents subject to the

12  attorney-client and/or attorney-work product privileges.  Responding Party objects to the request

13  to the extent it requests confidential, proprietary and/or trade secret information. Responding

14  Party objects to the request to the extent that it requires the disclosure of private information.

15  Responding Party objects to the request to the extent it seeks documents that are not reasonably

16  calculated to lead to the discovery of admissible evidence.  Responding Party objects to the

17  request on the ground that it subjects Responding Party to undue burden.  Responding Party

18  objects to the examination on the ground that it is informed and believes that Defendant Rasicot

19  has filed a Motion for Protective Order – staying discovery.  Responding Party objects that the

20  phrase "showing or concerning payments from NetSuite to Rasicot prior to or after his hiring by

21  NetSuite, including, without limitation, reimbursement payments and travel arranged and paid

22  for directly by NetSuite" is overbroad, vague and ambiguous.

23  **DOCUMENT REQUEST NO. 8:**

24        All documents constituting or concerning any contact between Rasicot and

25  current or prospective clients of NetSuite.

26  **RESPONSE TO DOCUMENT REQUEST NO. 8:**

27        Responding Party objects to the document request on the grounds that the

28  subpoena did not comply with the requirements and/or procedures mandated by Federal Rule of

1   Civil Procedure 45, including without limitation subsections (b) and (c) thereto. Responding

2   Party objects to the document request to the extent the request seeks documents subject to the

3   attorney-client and/or attorney-work product privileges. Responding Party objects to the request

4   to the extent it requests confidential, proprietary and/or trade secret information. Responding

5   Party objects to the request to the extent that it requires the disclosure of private information.

6   Responding Party objects to the request to the extent it seeks documents that are not reasonably

7   calculated to lead to the discovery of admissible evidence. Responding Party objects to the

8   request on the ground that it subjects Responding Party to undue burden. Responding Party

9   objects to the examination on the ground that it is informed and believes that Defendant Rasicot

10  has filed a Motion for Protective Order – staying discovery. Responding Party objects that the

11  phrase "constituting or concerning any contact between Rasicot and current or prospective

12  clients of NetSuite" is overbroad, vague and ambiguous.

13  **DOCUMENT REQUEST NO. 9:**

14          All documents concerning the terms and conditions of NetSuite's employment of

15  Rasicot. This request includes without limitation all documents stating, referring to or

16  evidencing Rasicot's salary, benefits, expense reimbursements or other employment or

17  employment-related compensation of any kind (including without limitation, stock options, stock

18  grants, employee benefits and paid time off).

19  **RESPONSE TO DOCUMENT REQUEST NO. 9:**

20          Responding Party objects to the document request on the grounds that the

21  subpoena did not comply with the requirements and/or procedures mandated by Federal Rule of

22  Civil Procedure 45, including without limitation subsections (b) and (c) thereto. Responding

23  Party objects to the document request to the extent the request seeks documents subject to the

24  attorney-client and/or attorney-work product privileges. Responding Party objects to the request

25  to the extent it requests confidential, proprietary and/or trade secret information. Responding

26  Party objects to the request to the extent that it requires the disclosure of private information.

27  Responding Party objects to the request to the extent it seeks documents that are not reasonably

28  calculated to lead to the discovery of admissible evidence. Responding Party objects to the

1  request on the ground that it subjects Responding Party to undue burden. Responding Party

2  objects to the examination on the ground that it is informed and believes that Defendant Rasicot

3  has filed a Motion for Protective Order – staying discovery. Responding Party objects that the

4  phrases "All documents," "concerning," "terms and conditions," "stating, referring to or

5  evidencing," "salary, benefits, expense reimbursements or other employment or employment-

6  related compensation of any kind (including without limitation, stock options, stock grants,

7  employee benefits and paid time off)" are overbroad, vague and ambiguous.

8  **DOCUMENT REQUEST NO. 10:**

9        All documents constituting or concerning any efforts to hire any Softrax

10  employees, including but not limited to Rasicot.

11  **RESPONSE TO DOCUMENT REQUEST NO. 10:**

12        Responding Party objects to the document request on the grounds that the

13  subpoena did not comply with the requirements and/or procedures mandated by Federal Rule of

14  Civil Procedure 45, including without limitation subsections (b) and (c) thereto. Responding

15  Party objects to the document request to the extent the request seeks documents subject to the

16  attorney-client and/or attorney-work product privileges. Responding Party objects to the request

17  to the extent it requests confidential, proprietary and/or trade secret information. Responding

18  Party objects to the request to the extent that it requires the disclosure of private information.

19  Responding Party objects to the request to the extent it seeks documents that are not reasonably

20  calculated to lead to the discovery of admissible evidence. Responding Party objects to the

21  request on the ground that it subjects Responding Party to undue burden. Responding Party

22  objects to the examination on the ground that it is informed and believes that Defendant Rasicot

23  has filed a Motion for Protective Order – staying discovery. Responding Party objects that the

24  phrases "All documents" and "constituting or concerning any efforts to hire any Softrax

25  employees" are overbroad, vague and ambiguous.

26  **DOCUMENT REQUEST NO. 11:**

27        All documents that mention, reference, concern or relate to Softrax.

28  **RESPONSE TO DOCUMENT REQUEST NO. 11:**

1   Responding Party objects to the document request on the grounds that the

2   subpoena did not comply with the requirements and/or procedures mandated by Federal Rule of

3   Civil Procedure 45, including without limitation subsections (b) and (c) thereto.  Responding

4   Party objects to the document request to the extent the request seeks documents subject to the

5   attorney-client and/or attorney-work product privileges.  Responding Party objects to the request

6   to the extent it requests confidential, proprietary and/or trade secret information. Responding

7   Party objects to the request to the extent that it requires the disclosure of private information.

8   Responding Party objects to the request to the extent it seeks documents that are not reasonably

9   calculated to lead to the discovery of admissible evidence.  Responding Party objects to the

10  request on the ground that it subjects Responding Party to undue burden.  Responding Party

11  objects to the examination on the ground that it is informed and believes that Defendant Rasicot

12  has filed a Motion for Protective Order – staying discovery.  Responding Party objects that the

13  phrase "all documents that mention, reference, concern or relate to Softrax" is overbroad, vague

14  and ambiguous.

15  **DOCUMENT REQUEST NO. 12:**

16  All documents constituting or concerning any communications with Rasicot's

17  counsel, including without limitation Birnbaum & Godkin, LLP.

18  **RESPONSE TO DOCUMENT REQUEST NO. 12:**

19  Responding Party objects to the document request on the grounds that the

20  subpoena did not comply with the requirements and/or procedures mandated by Federal Rule of

21  Civil Procedure 45, including without limitation subsections (b) and (c) thereto.  Responding

22  Party objects to the document request to the extent the request seeks documents subject to the

23  attorney-client and/or attorney-work product privileges.  Responding Party objects to the request

24  to the extent it requests confidential, proprietary and/or trade secret information. Responding

25  Party objects to the request to the extent that it requires the disclosure of private information.

26  Responding Party objects to the request to the extent it seeks documents that are not reasonably

27  calculated to lead to the discovery of admissible evidence.  Responding Party objects to the

28  request on the ground that it subjects Responding Party to undue burden.  Responding Party

1   objects to the examination on the ground that it is informed and believes that Defendant Rasicot

2   has filed a Motion for Protective Order – staying discovery.  Responding Party objects that the

3   phrase "constituting or concerning any communications with Rasicot's counsel" is overbroad,

4   vague and ambiguous.

5   **DOCUMENT REQUEST NO. 13:**

6          All NetSuite marketing, training, services, sales, pre-sales or development

7   documentation to which Rasicot reviewed or to which Rasicot contributed in any way.

8   **RESPONSE TO DOCUMENT REQUEST NO. 13:**

9          Responding Party objects to the document request on the grounds that the

10   subpoena did not comply with the requirements and/or procedures mandated by Federal Rule of

11   Civil Procedure 45, including without limitation subsections (b) and (c) thereto.  Responding

12   Party objects to the document request to the extent the request seeks documents subject to the

13   attorney-client and/or attorney-work product privileges.  Responding Party objects to the request

14   to the extent it requests confidential, proprietary and/or trade secret information. Responding

15   Party objects to the request to the extent that it requires the disclosure of private information.

16   Responding Party objects to the request to the extent it seeks documents that are not reasonably

17   calculated to lead to the discovery of admissible evidence.  Responding Party objects to the

18   request on the ground that it subjects Responding Party to undue burden.  Responding Party

19   objects to the examination on the ground that it is informed and believes that Defendant Rasicot

20   has filed a Motion for Protective Order – staying discovery.  Responding Party objects that the

21   phrase "marketing, training, services, sales, pre-sales or development documentation to which

22   Rasicot reviewed or to which Rasicot contributed in any way" is overbroad, vague and

23   ambiguous.

24   **DOCUMENT REQUEST NO. 14:**

25          All documents concerning product implementation or other service projects

26   undertaken by Rasicot while employed by NetSuite or on which Rasicot consulted, in which he

27   participated or which he reviewed.

28   **RESPONSE TO DOCUMENT REQUEST NO. 14:**

1    Responding Party objects to the document request on the grounds that the

2  subpoena did not comply with the requirements and/or procedures mandated by Federal Rule of

3  Civil Procedure 45, including without limitation subsections (b) and (c) thereto.  Responding

4  Party objects to the document request to the extent the request seeks documents subject to the

5  attorney-client and/or attorney-work product privileges.  Responding Party objects to the request

6  to the extent it requests confidential, proprietary and/or trade secret information. Responding

7  Party objects to the request to the extent that it requires the disclosure of private information.

8  Responding Party objects to the request to the extent it seeks documents that are not reasonably

9  calculated to lead to the discovery of admissible evidence.  Responding Party objects to the

10  request on the ground that it subjects Responding Party to undue burden.  Responding Party

11  objects to the examination on the ground that it is informed and believes that Defendant Rasicot

12  has filed a Motion for Protective Order – staying discovery.  Responding Party objects that the

13  phrases "all documents," "concerning," "product implementation," "other service projects,"

14  "undertaken," "on which Rasicot consulted," and "in which he participated or which he

15  reviewed" are overbroad, vague and ambiguous.

16  **DOCUMENT REQUEST NO. 15:**

17    All documents constituting or concerning Rasicot's schedule and/or calendar

18  since he became employed by NetSuite. This request includes without limitation documents

19  showing NetSuite meetings which Rasicot attended or to which he was invited, whether or not he

20  attended same.

21  **RESPONSE TO DOCUMENT REQUEST NO. 15:**

22    Responding Party objects to the document request on the grounds that the

23  subpoena did not comply with the requirements and/or procedures mandated by Federal Rule of

24  Civil Procedure 45, including without limitation subsections (b) and (c) thereto.  Responding

25  Party objects to the document request to the extent the request seeks documents subject to the

26  attorney-client and/or attorney-work product privileges.  Responding Party objects to the request

27  to the extent it requests confidential, proprietary and/or trade secret information. Responding

28  Party objects to the request to the extent that it requires the disclosure of private information.

1  Responding Party objects to the request to the extent it seeks documents that are not reasonably

2  calculated to lead to the discovery of admissible evidence.  Responding Party objects to the

3  request on the ground that it subjects Responding Party to undue burden.  Responding Party

4  objects to the examination on the ground that it is informed and believes that Defendant Rasicot

5  has filed a Motion for Protective Order – staying discovery.  Responding Party objects that the

6  phrases "all documents," "constituting or concerning," "schedule and/or calendar," and

7  "showing," are overbroad, vague and ambiguous.

8  **DOCUMENT REQUEST NO. 16:**

9          All documents constituting or concerning training Rasicot gave to or received

10 from NetSuite employees, contractors, consultants or customers.

11 **RESPONSE TO DOCUMENT REQUEST NO. 16:**

12         Responding Party objects to the document request on the grounds that the

13 subpoena did not comply with the requirements and/or procedures mandated by Federal Rule of

14 Civil Procedure 45, including without limitation subsections (b) and (c) thereto.  Responding

15 Party objects to the document request to the extent the request seeks documents subject to the

16 attorney-client and/or attorney-work product privileges.  Responding Party objects to the request

17 to the extent it requests confidential, proprietary and/or trade secret information.  Responding

18 Party objects to the request to the extent that it requires the disclosure of private information.

19 Responding Party objects to the request to the extent it seeks documents that are not reasonably

20 calculated to lead to the discovery of admissible evidence.  Responding Party objects to the

21 request on the ground that it subjects Responding Party to undue burden.  Responding Party

22 objects to the examination on the ground that it is informed and believes that Defendant Rasicot

23 has filed a Motion for Protective Order – staying discovery.  Responding Party objects that the

24 phrases "all documents," "constituting or concerning," "training," "gave to," "or received from

25 NetSuite employees," "contractors," "consultants," and "customers" are overbroad, vague and

26 ambiguous.

27 **DOCUMENT REQUEST NO. 17:**

28

1    All documents constituting concerning the work performed by Rasicot on behalf

2    of NetSuite since May 1, 2005.

3    **RESPONSE TO DOCUMENT REQUEST NO. 17:**

4    Responding Party objects to the document request on the grounds that the

5    subpoena did not comply with the requirements and/or procedures mandated by Federal Rule of

6    Civil Procedure 45, including without limitation subsections (b) and (c) thereto.  Responding

7    Party objects to the document request to the extent the request seeks documents subject to the

8    attorney-client and/or attorney-work product privileges.  Responding Party objects to the request

9    to the extent it requests confidential, proprietary and/or trade secret information. Responding

10   Party objects to the request to the extent that it requires the disclosure of private information.

11   Responding Party objects to the request to the extent it seeks documents that are not reasonably

12   calculated to lead to the discovery of admissible evidence.  Responding Party objects to the

13   request on the ground that it subjects Responding Party to undue burden.  Responding Party

14   objects to the examination on the ground that it is informed and believes that Defendant Rasicot

15   has filed a Motion for Protective Order – staying discovery.  Responding Party objects that the

16   phrases "all documents," "constituting," "concerning," "work performed," and "on behalf" are

17   overbroad, vague and ambiguous.

18

19   Dated this  21  day of September 2005               McMAHON LAW GROUP

20

21

22                                                      Peter C. McMahon
23                                                      Attorneys for
                                                        NETSUITE, INC.
24

25

26

27

28

1

## DECLARATION OF SERVICE BY U.S. MAIL

2        I am older than eighteen years of age and not a party to this action.  My business address

3  is McMahon Law Group, A Professional Corporation, 545 Middlefield Road, Suite 230, Menlo

4  Park, California, 94025.  On September 21, 2005, I served the following documents:

5        **NETSUITE, INC.'S RESPONSE AND OBJECTIONS TO PLAINTIFF'S**
        **THIRD-PARTY SUBPOENA FOR DOCUMENTS**
6

7        **DECLARATION OF SERVICE**

8  by placing a true and correct copy of the above-listed documents in an envelope addressed to:

9

10        **T. Christopher Donnelly**
        **Donnelly, Conroy & Gelhaar, LLP**
        **One Beacon Street, 33rd Floor**
11        **Boston, MA 02108**

12  and then sealing the envelope, affixing adequate postage and sending it via U.S. Mail.

13        I declare under penalty of perjury that the foregoing is true and correct.

14        Executed on September 21, 2005, at Menlo Park, California.

15

16

17                            Peter C. McMahon

18

19

20

21

22

23

24

25

26

27

28