UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SOFTRAX CORPORATION, ) | |
| ) | |
| Plaintiff, ) | CASE 1:05-cv-11789-JLT |
| ) | |
| v. ) | |
| ) | |
| PATRICK RASICOT, ) | |
| Defendant. ) | |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR A PROTECTIVE ORDER**

Plaintiff Softrax Corporation ("Softrax") opposes defendant's Motion for A Protective Order.

Softrax does not oppose entry of an order rescheduling the current discovery deadline and trial date. In fact, adjustment of those dates is required due to the refusal of defendant and his new employer to provide Softrax *any* discovery.

**BACKGROUND**

On August 1, 2005, Softrax commenced this action in Massachusetts Superior Court for Norfolk County.[1] Softrax seeks a permanent injunction enforcing the Noncompetition, Nondisclosure and Inventions Agreement ("Agreement") signed by its former employee, defendant Patrick Rasicot ("Rasicot").

On August 12, 2005, the Superior Court entered a preliminary injunction, enjoining Rasicot from working for NetSuite, Inc., a competitor of Softrax. The Court concluded that Softrax was likely to prevail on the merits, explicitly rejecting Rasicot's principal defense that

---

[1] All of the facts herein are supported by the Affidavit of T. Christopher Donnelly, sworn to October 3, 2005, filed herewith.

NetSuite fell outside the Agreement's definition of "Prohibited Business." Rasicot's subsequent petition for review of that conclusion was denied by the Single Justice of the Appeals Court.

The Superior Court ordered trial to commence November 7, 2005 and set October 28, 2005 as the deadline for completion of all discovery. On August 16, Softrax served document requests and noticed Rasicot's deposition for September 20, 2005. Two days later, Softrax noticed the deposition of NetSuite pursuant to Rule 30(b)(6) and moved for issuance of a letter rogatory. On August 19, Rasicot directed document requests to Softrax.

After Rasicot removed the case on August 30, 2005, the undersigned contacted counsel for Rasicot to determine whether Rasicot considered the prior document requests and deposition notices still in effect. Rasicot's counsel stated an intention to move for summary judgment and to seek a protective order barring all discovery in the meantime. The undersigned stated that Softrax did not believe the summary judgment motion was meritorious and that discovery should proceed. The undersigned then stated that the conversation was a Rule 26(f) conference, and summarized the parties' positions as follows: Softrax believes discovery should proceed with the outstanding document requests and the depositions of Rasicot and NetSuite; Rasicot does not believe any discovery should occur until after disposition of the summary judgment motion. Rasicot's counsel confirmed the undersigned accurately summarized the parties' respective positions.

On September 6, 2005, Softrax served its initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). The following day, Softrax noticed the deposition of NetSuite pursuant to Fed. R. Civ. P. 30(b)(6), and issued a subpoena to NetSuite for production of documents on October 10, 2005 and deposition testimony on October 19, 2005.

Rasicot's response to Softrax's earlier served document requests was due September 15, 2005. On that day, Rasicot moved for a protective order (the present motion). Rasicot has not produced any documents. Rasicot did not appear for deposition on September 20, 2005, the date in Softrax's notice.

On September 19, 2005, the due date for Softrax's responses to the requests served by Rasicot on August 19, 2005, Softrax served a category-by-category response and agreed to produce certain documents as soon a protective order pursuant to Fed. R. Civ. P. 26(c) entered to protect Softrax's confidential and proprietary information.

On September 21, 2005, NetSuite served pursuant to Fed. R. Civ. P. 45 objections to the Softrax subpoena. NetSuite objected to producing *any* documents of *any* kind, and NetSuite objected to providing *any* deposition testimony on *any* subject.

## **ARGUMENT**

Rasicot offers two grounds to stay all discovery: (1) the pendency of its summary judgment motion and (2) the alleged absence of a Rule 26(f) conference. Neither reason should be accepted by the Court. Rasicot and NetSuite should be ordered to produce all responsive documents forthwith and to appear within ten days for their depositions, in accordance with the prior notice and subpoena.

Rasicot's summary judgment motion is meritless, as detailed in Plaintiff's Memorandum of Law (1) in Opposition to Defendant's Motion for Summary Judgment, and (2) in Support of Plaintiff's Motion for Discovery Pursuant to Rule 56(f), filed today. The various reasons for denying summary judgment stated therein are incorporated by reference, and will not be repeated here.

3

Softrax served its mandatory initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and conferred with opposing counsel pursuant to Rule 26(f) before issuing the subpoena to NetSuite. Thus, Softrax complied with the two prerequisites to initiating discovery under the Federal Rules of Civil Procedure.

The requested stay of discovery would prevent Softrax from discovering information that may be relevant to the pending summary judgment motion. Those matters are detailed in Plaintiff's Motion for Discovery Pursuant to Rule 56(f) and are incorporated by reference herein.

## CONCLUSION

Softrax respectfully requests the Court to (1) deny defendant's motion for a protective order and (2) order Rasicot and NetSuite to promptly produce all requested documents and order them to appear for deposition at mutually convenient dates no later than ten days following issuance of the Court's order.

SOFTRAX CORPORATION

By its attorneys,

/s/ T. Christopher Donnelly
T. Christopher Donnelly (BBO #129930)
Paula M. McManus (BBO #648029)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

Date: October 3, 2005