UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SOFTRAX CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | CASE 1:05-cv-11789-JLT |
| | ) | |
| v. | ) | |
| | ) | |
| PATRICK RASICOT, | ) | |
| Defendant. | ) | |

### PLAINTIFF'S MOTION FOR DISCOVERY PURSUANT TO RULE 56(f)

Pursuant to Fed. R. Civ. P. 56(f), plaintiff Softrax Corporation ("Softrax") moves for an order deferring the Court's consideration of Defendant Patrick Rasicot's Motion for Summary Judgment until Softrax obtains the discovery from Rasicot and NetSuite, Inc. ("NetSuite") relevant to the issues raised in Rasicot's summary judgment motion. This motion is supported by the Affidavit of T. Christopher Donnelly, sworn to October 3, 2005 ("Donnelly Affidavit") and Plaintiff's Memorandum of Law (1) in Opposition to Defendant's Motion for Summary Judgment and (2) in Support of Plaintiff's Motion for Discovery Pursuant to Rule 56(f).

Rasicot's summary judgment motion is founded on 15 allegedly undisputed facts, seven of which concern the business, products and customers of NetSuite. Rasicot and NetSuite, however, have refused all discovery concerning NetSuite. *See Donnelly Aff.*, ¶¶ 10-13 and Exhibit G. Thus, Softrax is unable to determine fully whether Rasicot's factual allegations are true or false.[1] Softrax is entitled to discovery concerning the facts

---

[1] From public sources, Softrax has determined that some of those facts are untrue, particularly Rasicot's assertion that "NetSuite's products are not designed for use by software companies." *See* Plaintiff's Response to "Statement of Undisputed Material Facts in Support of Defendant Patrick Rasicot's Motion for

which Rasicot claims are central to his motion. *Resolution Trust Corp. v. North Bridge Assoc., Inc.*, 22 F.3d 1198, 1203 (1st Cir. 1998); *Commonwealth Alum. Corp. v. Markowitz*, 164 F.R.D. 117, 120-121 (D. Mass. 1995) (granting Fed. R. Civ. P. 56(f) motion where "there is no evidence that *any* discovery has begun") (emphasis in original).

In addition, there are numerous facts that bear on construction of the Noncompetition, Nondisclosure and Inventions Agreement ("Agreement"). Some of the information regarding those facts is solely within the control of Rasicot and NetSuite. For example, the interpretation given the Agreement by Rasicot and NetSuite appears to have varied over time, but more complete information regarding those interpretations is not available to Softrax.[2] Other topics relevant to construction of the Agreement include: full information concerning NetSuite's consideration of Softrax as a competitor; communications between NetSuite and Rasicot concerning the noncompetition Agreement; agreements between Rasicot and NetSuite regarding the Agreement, including arrangements for attorney's fees and costs; and the details of Rasicot's interactions with NetSuite while Rasicot was employed by Softrax.

It is Softrax's first position that on the present record, the motion for summary judgment must be denied. If, however, the Court wishes more detailed information regarding conduct of Rasicot as well as other matters relevant to construction of the

---

Summary Judgment," ¶ 15; Plaintiff's Statement of Additional Material Facts in Opposition to Defendant's Motion for Summary Judgment ("SAMF"), ¶¶24-31.

[2] Again, from Rasicot's conduct and statements to it, Softrax has some limited knowledge of Rasicot's interpretation of the Agreement. For example, Rasicot pleaded with Softrax to "cut him some slack" under the Agreement and allow him to work for NetSuite--a clear indication that he understood the Agreement proscribed his employment at NetSuite. *SAMF*, ¶17.

2

Agreement, it should permit Softrax to take discovery from Rasicot and NetSuite before deciding the summary judgment motion.

SOFTRAX CORPORATION

By its attorneys,

/s/ T. Christopher Donnelly
T. Christopher Donnelly (BBO #129930)
Paula M. McManus (BBO #648029)
DONNELLY, CONROY & GELHAAR, LLP
One Beacon Street, 33rd Floor
Boston, Massachusetts 02108
(617) 720-2880

Dated: October 3, 2005

## LOCAL RULE 7.1(2) CERTIFICATE

I hereby certify that I conferred with counsel for defendant and attempted in good faith to resolve or narrow the issues presented by Plaintiff's Motion for Discovery Pursuant to Rule 56(f).

/s/ T. Christopher Donnelly
T. Christopher Donnelly
