COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.                                                      SUPERIOR COURT
                                                                  DOCKET NO. 05-1342

_____
SOFTRAX CORPORATION,            )
                     Plaintiff  )
                                )
v.                              )
                                )
PATRICK RASICOT,                )
                     Defendant. )
_____)


## ANSWER AND JURY DEMAND

Defendant Patrick Rasicot ("Rasicot"), by his attorneys, for his answer, states as follows:

1.   Denied.

2.   Rasicot is without information regarding the allegations in Paragraph 2, and accordingly denies those allegations.

3.   Rasicot denies the allegations in Paragraph 3, except that he admits that Softrax is in the business of developing, marketing, and distributing software products that are primarily designed for and sold to software companies.

4.   Admit.

5.   Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 5 are denied.

6.   Admit.

7.   Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, the allegations in Paragraph 7 are denied.

8. Rasicot denies the allegations in Paragraph 8 except he admits that Softrax hired him in 1996; that he held the positions of product manager and senior product specialist while employed there; and that Rasicot's employment with Softrax terminated in June 2005.

9. Rasicot denies the allegations in Paragraph 8 except he admits that on or about March 13, 2000, he executed a Noncompetition, Nondisclosure, and Inventions Agreement, which document speaks for itself.

10. Paragraph 10 refers to a written document which speaks for itself.

11. The document speaks for itself.

12. The document speaks for itself.

13. Denied.

14. Rasicot denies the allegations in Paragraph 14, except he admits that he informed Softrax on or about June 3, 2005, that his employment with Softrax would terminate on or about June 17, 2005.

15. Rasicot is without information regarding the allegations in the first sentence of Paragraph 15 and accordingly denies those allegations. Admit that on or about July 18, 2005 Rasicot spoke with Softrax. The remaining allegations in Paragraph 15 are denied.

16. The documents referenced in Paragraph 16 speak for themselves. The remaining allegations in Paragraph 16 are denied.

17. Denied.

18. Rasicot is without information regarding the allegations in Paragraph 18 and accordingly denies those allegations.

19. Denied.

20. Denied.

21. Denied.

22. The document speaks for itself.

23. Rasicot repeats and reincorporates by reference the responses contained in Paragraphs 1-22 as if they were made separately herein.

24. Denied.

25. Denied.

26. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's claim fails for lack of consideration.

### Third Affirmative Defense

Plaintiff's claim is barred by the doctrines of waiver and/or estoppel.

### Fourth Affirmative Defense

Plaintiff's claim is barred by the doctrine of unclean hands, including but not limited to Plaintiff's misrepresentations, discriminatory treatment (based on Defendant's age), and constructive discharge.

### Fifth Affirmative Defense

The Agreement is unenforceable, including without limitation, because it is vague, ambiguous, unnecessary to enforce any legitimate business interest of Softrax, and violative of public policy.

### TRIAL DEMAND

RASICOT HEREBY DEMANDS A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.

WHEREFORE, Rasicot respectfully requests that the Court enter judgment in Defendant's favor on Plaintiff's Complaint, with costs and attorney's fees thereon, and such other relief as the Court may deem just and proper.

                        Respectfully submitted,

                        PATRICK RASICOT

                        By his attorneys
                        BIRNBAUM & GODKIN, LLP

                        /s/ *signature*
                        Scott A. Birnbaum (BBO# 543834)
                        Robert N. Feldman (BBO# 630734)
                        Melissa M. Longo (BBO#647649)
                        Birnbaum & Godkin, LLP
                        280 Summer Street, 5th Floor
                        Boston, MA  02210
                        Tel: 617-307-6100
                        Fax: 617-307-6101

Dated: August 22, 2005

**CERTIFICATE OF SERVICE**

    I, Melissa M. Longo, counsel for the defendant, do hereby certify that on this 22nd day of August I caused to be served a true copy of the foregoing upon all parties by mailing same, first class mail, postage pre-paid, to all counsel of record:

        T. Christopher Donnelly
        Paula M. McManus
        COUNSEL FOR PLAINTIFF
        Donnelly, Conroy & Gelhaar, LLP
        One Beacon Street, 33rd floor
        Boston, MA  02108
        Tel: 617-720-2880

                            Melissa M. Longo